MEMORANDUM *
Daniel Ribowo, a native and citizen of Indonesia, petitions for review of the denial by the Board of Immigration Appeals (“BIA”) to reopen his removal proceedings in light of changed country conditions. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA’s denial of a motion to reopen. Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.
Ribowo’s motion to reopen was untimely. See 8 C.F.R. § 1003.2(c)(2). Thus, in order to prevail on the motion to reopen, Ribowo must “clear four hurdles: (1) he had to produce evidence that conditions *729 had changed in [Indonesia]; (2) the evidence had to be material; (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he had to demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.” Toufighi v. Mukasey, 538 F.3d 988, 996 (9th Cir. 2008) (internal quotation marks omitted). Here, the BIA did not abuse its discretion in finding that Ribowo failed to establish materially changed circumstances in Indonesia to qualify for a motion to reopen. See 8 C.F.R. § 1003.2(e)(3)(ii); Najmabadi, 597 F.3d at 987-88 (evidence must be “qualitatively different” to warrant reopening).
Although Ribowo is a member of a disfavored group in Indonesia (Christian Indonesians),[1] he failed to present evidence that he would be individually targeted based on his Christian faith. See Wakkary v. Holder, 558 F.3d 1049, 1053 (9th Cir. 2009). Membership alone in a disfavqred group is not enough. Id. at 1066. The BIA concluded that Ribowo did not produce sufficient evidence of materially changed country conditions or individualized risk. The BIA recognized that religious extremism and violence in Indonesia is on-going and that the government has been criticized for failing to prevent it. However, the BIA concluded that current conditions in Indonesia are substantially similar to those that existed at the time of Ribowo’s merits hearing (rather than changed conditions). Ribowo failed to present the quantum of evidence necessary to show that his “predicament [was] appreciably different from the dangers faced by [his] fellow [Indonesians].” Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998) (quoting Kotasz v. INS, 31 F.3d 847, 852 (9th Cir. 1994)). These conclusions were not an abuse of discretion.[2] See Najmabadi, 597 F.3d at 986 (noting that the court “defer[s] to the. BIA.’s exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law”).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Ribowo also asserts that he will be perceived as a "westerner” with United States citizen children. We have not recognized that a person with American ties qualifies as a member of a social group. Cf. Delgado-Ortiz v. Holder, 600 F.3d 1148, 1151-52 (9th Cir. 2010). Even so, Ribowo did not present significant changes in Indonesia with regard to anti-American sentiment. Although the Innocence of Muslims film was released in September 2012 and caused some uprising against Westerners, it was not significantly different from what Ribowo had previously claimed.

. Because we find that the BIA did not abuse its discretion by concluding that Ribowo failed to show changed circumstances sufficient to reopen his case, we need not address the BIA’s alternative conclusion that Ribowo did not show that he was prima facie eligible for asylum, withholding of removal, or protection under the Convention Against Torture.